IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CARTER,  :  Plaintiff  : | |
| : | CIVIL NO. 1:CV-10-1543 |
| v.  : | |
| : | (Judge Caldwell) |
| JEFFREY A. BEARD, *et al.*,  :  Defendants  : | |

*M E M O R A N D U M*

I.    *Introduction*

The pro se plaintiff, John Carter, a prisoner at Rockview State Correctional Institution (SCI-Rockview), in Bellefonte, Pennsylvania, brings this civil-rights action pursuant to 42 U.S.C. § 1983, alleging that his placement on the Pennsylvania Department of Corrections' (DOC) Restricted Release List (RRL) violates his right to due process under the Fourteenth Amendment. Specifically, he alleges that he was given no process before being placed on the RRL and that he has been in administrative custody for the past two years without any meaningful periodic review of his RRL status.

Named as Defendants are the following DOC officials: Jeffrey Beard, former Secretary of the DOC; Shirley Moore-Smeal, former Deputy Secretary for the Central Region; Paul Smeal, former Superintendent of SCI-Smithfield; Marirosa Lamas, Superintendent of SCI-Rockview; Robert J. Marsh, Deputy Superintendent for Centralized Services; Brian Thompson, Deputy Superintendent for Facility Management; and Tim Miller.

Defendants have filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion will be granted.

II.     *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).

"Pro se complaints are 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(nonprecedential)(quoted case omitted). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoted case omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend. *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). However, leave to amend need not be granted if amendment would be futile. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

With these principles in mind, we set forth the background to this litigation.

III.    *Background*

    A.    *Carter's RRL Placement*

The case arises from procedures set forth in a DOC policy statement, DC-ADM 802, captioned "Administrative Custody Procedures."[1] Under DC-ADM 802, "[the Facility Manager/designee may request that an inmate be placed on the [RRL] when he/she poses a threat to the secure operation of the facility and where a transfer to another facility or jurisdiction would not alleviate the security concern." DC-ADM 802 at p. 1-2. Criteria for placing an inmate on the RRL include, but is not limited to, the following: the inmate's assaultive history against staff and/or inmates; sexual assault history; escape or serious escape attempt history; a threat to the orderly operation of a facility; a Special Management Unit (SMU) graduate who remains a threat; and or an SMU failure. *Id*. at pp. 1-2 and 1-3.

In September 2008, Paul Smeal, the Superintendent of SCI-Smithfield, requested that Carter be placed on the DOC's RRL. Doc. 1, Compl. at p. 4.[2] The request was made to Deputy Secretary Moore-Smeal, who forwarded it to Secretary Beard. *Id.* Secretary Beard approved the request. *Id*.

---

[1] The court takes judicial notice of DC-ADM 802, which is publically available at the DOC's website at http://www.cor.state.pa.us.

[2] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the Electronic Case Filing system (ECF) rather than the page number of the original document.

  B. *Administrative Custody and the RRL Inmate*

    Administrative Custody (AC) is a status of confinement for non-disciplinary reasons, which provides closer supervision, control, and protection than is provided for in general population. *See* DC-ADM 802 at p. 1-1. AC status inmates are housed in a Security Level 5 Housing Unit. *Id*.

    There are procedures for placing an inmate in AC. When an inmate is initially placed in AC, whenever practical, written notice of the reasons for the placement is given to the inmate prior to placement, but in all cases within 24 hours after placement on AC custody status. *Id*. at p. 1-2. An administrative hearing is held by the Program Review Committee (PRC) and the reasons for the inmate's AC placement are explained to the inmate. *Id*. at p. 1-2 and p. 2-1. The inmate is permitted to respond to the rationale for AC placement. The PRC decision must be based on some evidence as to whether there is a valid security reason to confine the inmate in AC. *Id.* at 2-1. A written summary of the hearing is prepared and includes the reasons relied upon by the PRC to reach its decision. *Id*. The inmate may appeal, in writing, the PCR's decision concerning their initial confinement in AC to the Facility Manager/designee within two days of the completion of the hearing. *Id*. at p. 2-2. If dissatisfied with the responses, the inmate may appeal the decision of the Facility Manager to the Office of the Chief Hearing Examiner. *Id*.

    The PRC reviews the status of each inmate in AC status every seven days for the first two months. *Id*. at p. 2-3. The Unit Management Team shall review the status of every AC inmate every 30 days. The PRC will interview every inmate in AC status every 90 days unless the Unit Management Team recommends an earlier review. At that time,

-4-

the PRC will either decide to release the inmate to general population or continue his AC status. *Id*. While the PRC may recommend the release of an inmate on the RRL, only the Secretary of the DOC may approve the release of an RRL inmate from a Security Level 5 Housing Unit, or his transfer to another facility. *Id*. at p. 4-2. An inmate's RRL status is reviewed annually. *Id*. at p. 2-4.

Inmates housed in AC custody do not have the same privileges as inmates housed in general population. *Id*. at p. 3-1. For AC inmates, greater restrictions are placed on the availability of radios, televisions, telephone calls, personal property, visitation, access to the law library, clothing, recreation, and more, when compared to those privileges enjoyed by inmates housed in general population. *Id*. at pp. 3-1 and 3-2.

However, inmates in AC custody may gain additional privileges over time if granted by the PRC for positive behavior during the review period and for remaining misconduct free. *Id*. at p. 3-2. Inmates held in AC custody, and who have an RRL designation, "may be considered for PRC approved privileges after 90 days from the date he/she is assigned to the RRL". *Id*. Likewise, inmates housed in AC status, including those on the RRL, are to be provided access to educational services, commissary, library services, religious guidance, and counseling. *Id*. at pp. 3-3 and 3-4.

IV.   *Discussion*

Carter claims that his initial, and continued, placement on the RRL without a hearing violates his due-process rights. The court thus does not interpret Carter's complaint as challenging his initial or continued placement in AC, only his placement on

the RRL. We disagree that due process is violated in these circumstances, for the reason advanced by Defendants.

Carter is presently housed in a level 5 housing unit, SCI-Rockview's RHU. He is housed there under a non-disciplinary status. In other words, Carter is housed in the RHU on AC status. Within the RHU he has a classification designation that impacts his release from AC status, his placement on the RRL.[3] Aside from who has the authority to release him from AC or transfer him to another facility, Carter is treated similarly to other AC inmates. Other than this one distinction, his restrictions, privileges, eligibility for increased privileges, is equal to that of AC custody inmates. He is reviewed by the PRC and other prison officials, like any other AC inmate. The PRC has the authority to recommend his release or transfer but may not act upon it without further authorization. Finally, as outlined in DC-ADM 802, his RRL status is reviewed annually.

The Third Circuit has held on the same claim Carter presents here that placement on the RRL does not deprive an inmate of a liberty interest triggering due-process protection. *See Bowen v. Ryan*, 248 F. App'x 302, 304 (3d Cir. 2007) (nonprecedential)("Appellant's claim that he was placed on the [RRL] without due process was properly dismissed. Placement on this list did not deprive Bowen of his liberty, privileges, or any other constitutionally protected liberty interest."). Carter's claim thus fails. Additionally, his due-process claim fails because his placement on the RRL does not impose an atypical and significant hardship on him in relation to the ordinary incidents of

---

[3] There is nothing in the Complaint to suggest that Carter's RRL designation is a new form of custody status versus a programming code similar to a "Z Code" (single cell designation) or "O Code" (placement on a close observation list), or "H Code" (escape risk).

prison life.  *See Leaphart v. Palakovich*, No. 3:11-CV-1333, 2012 WL 175426, *3 n. 4 (M.D. Pa. Jan. 20, 2012).

   Based on the foregoing, we see no need to allow Plaintiff an opportunity to file an amended complaint as an amended complaint would be futile.  We will issue an appropriate order.

               /s/ William W. Caldwell
              William W. Caldwell
              United States District Judge

Date: April 24, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CARTER, :
    Plaintiff :
              : CIVIL NO. 1:CV-10-1543
    v. :
              : (Judge Caldwell)
JEFFREY A. BEARD, *et al.*, :
    Defendants :

*O R D E R*

AND NOW, this 24th day of April, 2012, in accordance with the accompanying memorandum of law, it is ordered that:

 1. Defendants' Motion to Dismiss the Complaint (Doc. 14) is granted for failure to state a claim upon which relief may be granted.

 2. This action is hereby dismissed.

 3. The Clerk of Court is directed to mark this matter closed.

       /s/ William W. Caldwell
       William W. Caldwell
       United States District Judge